Date signed February 20, 2013



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WENDY MARIA FRAZIER, | ) | Case No. 12-29668-DER |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

MEMORANDUM OF OPINION

Before the court is the United States Trustee's Motion to Disgorge Excessive Bankruptcy Petition Preparer Fee [Docket No. 12], which came on for hearing before this court on January 16, 2013.[1]  Notice of the motion and of the hearing were duly given to Kim R. Bounds, and she neither filed an objection to the motion nor appeared at the hearing to present evidence in opposition to the United States Trustee's request.  At the hearing, the United States Trustee

---

[1] The motion was filed under 11 U.S.C. § 110(h)(3) by W. Clarkson McDow, Jr. as the United States Trustee for Region Four.  Mr. McDow retired on January 31, 2013, and Judy A. Robbins now serves as the Acting United States Trustee for Region Four.  United States Trustees are officials of the United States Department of Justice appointed by the Attorney General of the United States.  28 U.S.C. § 581(a).  The District of Maryland is a part of what is known as "Region Four."  28 U.S.C. § 581(a)(4).  Each of the United States Trustees has extensive duties within their region including the appointment and supervision of trustees as well as monitoring and participating in the administration of bankruptcy cases.  28 U.S.C. § 586.  Under 11 U.S.C. § 307, a United States Trustee "may raise and may appear and be heard on any issue in any case or proceeding under [Title 11 of the United States Code]."  Moreover, a United States Trustee is specifically authorized by 11 U.S.C. § 110(h)(4) to file a motion under § 110(h)(3) such as the one now before the court.

offered the testimony of two witnesses and introduced various exhibits supporting his contention that the fee paid to Ms. Bounds exceeded the value of the bankruptcy petition preparation services provided to the debtor.  After consideration of the evidence, the court has determined pursuant to 11 U.S.C. § 110(h)(3) that for the following reasons the $300.00 fee charged by Ms. Bounds as the bankruptcy petition preparer in this case exceeds the value of the legitimate services provided by her.[2]

The court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Local Rule 402 of the United States District Court for the District of Maryland.  This proceeding is a "core proceeding" under 28 U.S.C. § 157(b)(2).  This opinion constitutes the court's findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure (made applicable here by Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure).

The debtor, Wendy Maria Frazier, commenced this case by filing a petition in this court under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").  The debtor represents herself in this case.  Ms. Bounds assisted the debtor in the preparation of her petition, statement of financial affairs, schedules, and other related papers filed in this case.  The debtor paid Ms. Bounds a fee of $300.00 for these services.  Ms. Bounds is not an attorney or an employee of an attorney, and acknowledged by her signature on the debtor's bankruptcy petition that she is a bankruptcy petition preparer as defined by § 110 of the Bankruptcy Code.

---

[2] For purposes of this Order, the court assumes (without deciding) that (i) the bankruptcy petition and other documents prepared by Ms. Bounds for the debtor were accurately and properly completed, (ii) Ms. Bounds has complied with all applicable provisions of 11 U.S.C. § 110, and (iii) no fee has been paid or promised to Ms. Bounds by the debtor (either before or after commencement of this case) other than the $300.00 disclosed on the Disclosure of Compensation of Bankruptcy Petition Preparer filed herein on October 31, 2012 [Docket No. 7]. Entry of this Order is without prejudice to any later determination after notice and opportunity for hearing on motion of the United States Trustee, the Chapter 7 trustee or the court that Ms. Bounds has not complied with any provision of 11 U.S.C. § 110 other than § 110(h)(3).

A review of the record in this case reveals nothing that would suggest this is anything other than a simple, straightforward consumer Chapter 7 bankruptcy case. The debtor's financial affairs are apparently not complex because only minimal information needed to be supplied on her statement of financial affairs and her answer to the majority of the questions is "none." The debtor's schedules are likewise consistent with this conclusion; she owns no real estate, has minimal personal property valued at $12,370.00 (the most significant of which is an automobile with a value of $10,700.00 that is subject to secured claims that exceed its value), owes scheduled priority debts of $22,199.69, owes scheduled general unsecured debts of $23,986.00, and filed a mailing matrix that lists the names and addresses of only 41 creditors and parties in interest. The meeting of creditors was conducted by the Chapter 7 trustee on December 10, 2012 (the first date set), and the Chapter 7 trustee promptly thereafter filed a Report of No Distribution on December 11, 2012, indicating that the debtor owns no nonexempt property that should be liquidated by the Chapter 7 trustee for distribution to creditors. No creditors filed an objection to discharge, and the debtor was granted a discharge on February 12, 2013 [Docket No. 21]. In short, this is a simple "no-asset" case that proceeded uneventfully to its natural conclusion.

The documents Ms. Bounds prepared for the debtor were created using bankruptcy computer software which is widely used by bankruptcy practitioners and known as "Best Case® Bankruptcy."[3] The United States Trustee called Antonio Aquia, an attorney admitted to practice in Maryland, as an expert witness at the hearing. Mr. Aquia has represented consumer debtors in bankruptcy cases for 13 years, is currently the Chairman of the Consumer Bankruptcy Section of the Maryland State Bar Association, and is a member of the Bankruptcy Bar Association for the District of Maryland. At the hearing he testified that (i) he has used the Best Case® software

---

[3] The Best Case® software is copyrighted by, and Best Case® is a registered trademark of, CCH Incorporated.

throughout his 13 years of practice, and (ii) based upon his experience and expertise, once all relevant information has been gathered from a client in a routine consumer Chapter 7 case such as the one filed by the debtor, the amount of time needed to enter the data and complete a bankruptcy petition, statement of financial affairs, schedules and other supporting papers using the Best Case® software is "no more than two hours."  Mr. Aquia also testified that the amount of time needed to prepare those same papers in a routine consumer Chapter 7 case without using the Best Case® software is "no more than three hours."

The United States Trustee also called Brenda Wilmore, a paralegal employed in the Baltimore office of the United States Trustee, as a witness.  Ms. Wilmore testified that (i) she had investigated the cost of available typing and word processing services, and (ii) the cost of such services ranges from $20.00 to $35.00 per hour.

The conduct and fees of bankruptcy petition preparers are governed by, among other things, § 110 of the Bankruptcy Code.[4]  Section 110 was not adopted by Congress as part of the Bankruptcy Reform Act of 1994 to establish quasi-professional status for petition preparers; rather, it was intended to address a nationwide problem of abusive practices by non-attorney bankruptcy petition preparers.  As stated in Collier,

> "Section 110 was a congressional response to problems that had arisen in a variety of jurisdictions, mostly urban. The jurisdictions had seen a large number of nonattorneys who claimed they could prepare bankruptcy petitions without the necessity of retaining an attorney. The House Judiciary Committee's Report on the 1994 Reform Act indicates that section 110 was intended to address a nationwide problem:

---

[4]  Other provisions applicable to petition preparers include Rule 2016(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") regarding the disclosure that must be made pursuant to § 110(h)(2).  In addition to the penalties applicable under § 110, a petition preparer may be subject to criminal liability under 18 U.S.C. § 156, which provides that "[i]f a bankruptcy case or related proceeding is dismissed because of a knowing attempt by a bankruptcy petition preparer in any manner to disregard the requirements of [the Bankruptcy Code], or [the Bankruptcy Rules], the bankruptcy petition preparer shall be fined under this title, imprisoned not more than 1 year, or both."

> 'Bankruptcy petition preparers not employed or supervised by any attorney have proliferated across the country. While it is permissible for a petition preparer to provide services solely limited to typing, far too many of them also attempt to provide legal advice and legal services to debtors. These preparers often lack the necessary legal training and ethics regulation to provide such services in an adequate and appropriate manner. These services may take unfair advantage of persons who are ignorant of their rights both inside and outside the bankruptcy system.'"

<u>Collier on Bankruptcy</u>, ¶ 110.LH[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Moreover, Congress chose to further address bankruptcy petition preparer abuses in the amendments to § 110 in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 by imposing new limitations on petition preparer conduct, new debtor notification requirements, and new penalties and remedies for petition preparer misconduct.

Under § 110 of the Bankruptcy Code, this court must disallow and order the immediate turnover by a bankruptcy petition preparer of any fee that is "found to be in excess of the value of any services rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the date of the filing of the petition." 11 U.S.C. § 110(h)(3). The "burden of proving the reasonableness of a fee collected by a bankruptcy petition preparer rests upon the petition preparer." <u>In re Springs</u>, 358 B.R. 236, 242 (Bankr. M.D.N.C. 2006). See also, <u>In re Hill</u>, 450 B.R. 885, 892 (9th Cir. BAP 2011) ("once the reasonableness of the [p]etition [p]reparer's fee has been raised, the [p]etition [p]reparer bears the burden of proof to establish the reasonableness of the fee"); <u>In re Herrera</u>, 483 B.R. 222, 231 (Bankr. D. Colo. 2012) ("a petition preparer bears the burden of proof to show the reasonableness of any fee charged").

The United States Trustee has not cited, and this court is not aware of, any reported decision of the United States Court of Appeals for the Fourth Circuit concerning the standard for determination under § 110(h)(3) of the reasonable fee that may be charged by a bankruptcy

petition preparer.  The Ninth Circuit, however, has considered the issue.  In <u>Scott v. U.S. Trustee (In re Dozier)</u>, 412 F.3d 1056 (9th Cir. 2005), the Ninth Circuit stated that "when determining appropriate fees for a [bankruptcy petition preparer], 'the proper reference point is what professional typists or word processors would charge.'"  <u>Id</u>. at 1065 (quoting <u>In re Bush</u>, 275 B.R. 69, 85 (Bankr. D. Idaho 2002)).  The Ninth Circuit went on to observe that this is the case because a bankruptcy petition preparer "can perform 'only the modest service of transcribing or typing bankruptcy forms that the debtors alone must prepare without assistance' and 'other sorts of services are improper, and those services can <u>perforce</u> not be compensated.'"  Id. (quoting <u>In re Bush</u>, 275 B.R. at 84) (emphasis in original).  In <u>Scott</u>, the Ninth Circuit agreed with the bankruptcy court's determination that $100.00 was a reasonable fee for preparation of documents by a bankruptcy petition preparer in a simple, straightforward consumer Chapter 7 case, and that "[d]espite the additional benefits [the bankruptcy petition preparer] claims her service offered, 'no additional compensation [was] justified nor available under § 110.'"  <u>Id</u>. (quoting <u>In re Dozier</u>, 281 B.R. 292, 318 (Bankr. D. Idaho 2002)).

It is thus not surprising that numerous bankruptcy courts hold that a bankruptcy petition preparer is limited by § 110 of the Bankruptcy Code to acting as a mere "scrivener" and cannot be properly compensated for anything other than "meeting a prospective debtor, providing blank bankruptcy forms for the debtor to complete without assistance, typing the information on the bankruptcy forms without making any changes, copying the prepared documents for the debtor, and providing the original documents and copies to the debtor."  <u>In re Gross</u>, 2009 WL 2882828, at *5 (Bankr. E.D. Va. 2009).  See, <u>In re Amstutz</u>, 427 B.R. 636, 641 (Bankr. N.D. Ohio 2010); <u>U.S. Trustee v. Brown (In re Martin)</u>, 424 B.R. 496, 506 (Bankr. D.N.M. 2010); <u>In re Rojero</u>, 399 B.R. 913, 920 (Bankr. D.N.M. 2008); <u>In re Gaftick</u>, 333 B.R. 177, 188 (Bankr. E.D.N.Y.

2005); In re Woodward, 314 B.R. 201, 205 (Bankr. N.D. Iowa 2004); In re Bush, 275 B.R. 69, 84-86 (Bankr. D. Idaho 2002); and In re Gomez, 259 B.R. 379, 386 (Bankr. D. Colo. 2001).  See also, In re Bonarrigo, 282 B.R. 101, 107 (D. Mass. 2002).

While the judges of this court have not yet established a maximum presumptively reasonable fee to be charged by bankruptcy petition preparers in this district, many courts have adopted such rules or created guidelines to the same effect.  The United States Bankruptcy Court for the Eastern District of Wisconsin capped the presumptively reasonable fee for a bankruptcy petition preparer at $75.00 per case pursuant to a notice.[5]  Similarly, the United States Bankruptcy Court for the Northern District of California adopted guidelines capping the maximum allowable charge by a bankruptcy petition preparer at $150.00, while the Eastern District of California adopted guidelines capping the maximum allowable charge at $125.00.[6]  In the United States Bankruptcy Court for the Central District of California the United States Trustee, rather than the court, has set a fee cap of $200.00.[7]

The United States Bankruptcy Court for the Northern District of Ohio went a step further and by its Local Rule 2016-2 has fixed the presumptive maximum allowable fee a bankruptcy petition preparer may charge in that district at $125.00.  Likewise, the United States Bankruptcy Court for the Eastern District of Michigan has set a presumptive maximum allowable fee of $100.00 pursuant to Administrative Order No. 10-21.  The limits imposed in these districts are consistent with the view expressed in the opinions cited above that the legitimate role of

---

[5] See, Notice of Fee Cap for Petition Preparers, *available at* http://www.wieb.uscourts.gov/index.php/home.
[6] See, Bankruptcy Petition Preparer Guidelines, *available at* http://www.canb.uscourts.gov/procedures/dist/ guidelines/bankruptcy-petition-preparer-guidelines; and, Guidelines Pertaining to Bankruptcy Petition Preparers in Eastern District of California Cases, *available at* www.caeb.uscourts.gov/documents/Forms/Guidelines/ GL.Prep.pdf.
[7] See, Amended Bankruptcy Petition Preparer Guidelines, *available at* www.justice.gov/ust/r16/docs/ general/bpp_guidelines.pdf.

bankruptcy petition preparers is limited to providing typing services – a view which I find persuasive.

The evidence presented in this case demonstrates that Ms. Bounds should have been able to complete preparation of the documents in question in not more than three hours, and that the reasonable cost of comparable typing services is not more than $35.00 per hour. The evidence also demonstrates convincingly that the tasks could be completed in less time and at a lower hourly cost. Thus, based upon the evidence and the applicable law stated above, I conclude that the reasonable value of the services of a bankruptcy petition preparer in a simple, straightforward consumer Chapter 7 bankruptcy case such as this one does not exceed $100.00.

For these reasons the United States Trustee's Motion to Disgorge Excessive Bankruptcy Petition Preparer Fee should be granted and an order will be entered requiring the bankruptcy petition preparer in this case, Kim R. Bounds, to disgorge and refund the sum of $200.00 to the debtor.

cc:   Mark A. Neal, Esq.
      Office of the U.S. Trustee
      Debtor
      BPP – Kim R. Bounds
      Chapter 7 Trustee

**END OF ORDER**